# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO MORENO, | CASE NO. 1:12-cv-00025-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER (1) DISMISSING CLAIMS BARRED BY CLAIM PRECLUSION, (2) DISMISSING WITH PREJUDICE DEFENDANTS CATES, MC EWEN, CROW, CORTEZ, YATES, IGBINOSA, AND SCOTT, AND (3) PROVIDING PLAINTIFF ONE OPPORTUNITY TO AMEND AGAINST DEFENDANTS HARTLEY, CHAPNICK, MATHOS, DOE 1, AND ATIENZA |
| v. | |
| MATTHEW L. CATES, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

## First Screening Order

### I. Screening Requirement

Plaintiff Alfredo Moreno, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.    Discussion**

    **A.    Summary of Complaint**

Plaintiff is currently incarcerated at Avenal State Prison (ASP) and he brings this action against the Matthew L. Cate, Director of the California Department of Corrections and Rehabilitation;[1] Calipatria State Prison (CAL) Warden Leland Mc Ewen; CAL CMO[2] Charles Crow; CAL CSR[1] J. J. Cortez; Pleasant Valley State Prison (PVSP) Warden James A. Yates; PVSP CMO Felix Igbinosa; PVSP CSR D. Scott; ASP Warden James D. Hartley, ASP CMO Robert Chapnick; I. Mathos, a nurse practitioner at ASP; ASP CSR John Doe 1; and R. Atienza, a physician at ASP.

Plaintiff was diagnosed with Valley Fever while at PVSP, and he was transferred to ASP on July 27, 2010. Plaintiff alleges that he suffers from severe pain requiring daily pain medication.

---

[1] Incorrectly spelled as Cates in the complaint.

[2] Chief Medical Officer.

[1] Classification Services Representative.

2

Plaintiff alleges that Defendants failed to perform necessary tests to determine Plaintiff's susceptibility to Valley Fever, and they failed to transfer Plaintiff out of the area endemic for Valley Fever. Plaintiff also alleges that prison officials at CAL and PVSP improperly transferred him to and retained him at prisons endemic for Valley Fever.

### B.   Claim Preclusion

#### 1.   Legal Standard

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2010)).

In deciding whether there is an identify of claims, courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" Harris, 682 F.3d at 1132 (quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion - the same transactional nucleus of facts - is the most important." Liquidators of European Fed. Credit Bank, 630 F.3d at 1151.

#### 2.   Prior Proceedings

On March 1, 2010, Plaintiff brought case number 1:10-cv-00356-GSA PC Moreno v. Yates, et al., in the Eastern District of California.[2] The case was brought pursuant to section 1983 and Plaintiff sought to impose liability on PVSP Warden James A. Yates, PVSP CMO Felix Igbinosa, and Does 1-5 for violating Plaintiff's rights under the Eighth Amendment. The facts underlying Plaintiff's Eighth Amendment claims were his exposure to Valley Fever and the failure to provide appropriate care after he contracted Valley Fever.

---

[2] The Court may take judicial notice of court records and it does so here. Harris, 682 F.3d at 1131-32; Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

3

The Honorable Gary S. Austin dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983 on March 25, 2011, and on May 16, 2011, Plaintiff filed an amended complaint in which he named Director Matthew Cate, CAL "Chief Medical Staff" and CAL CSR J. J. Cortez; "Chief Medical Staff" at PVSP; PVSP CSR D. Scott; and "Chief Medical Staff" at ASP. The facts underlying Plaintiff's Eighth Amendment claims were the failure to properly evaluate his underlying medical conditions prior to his transfer to PVSP, his exposure to and/or contraction of Valley Fever while at PVSP, and his ongoing exposure to and problems with Valley Fever at ASP.

On May 27, 2011, Judge Austin screened Plaintiff's amended complaint and dismissed the action, with prejudice, for failure to state any claims upon which relief may be granted. Plaintiff filed an untimely notice of appeal, but the appeal was dismissed for lack of jurisdiction and mandate issued on October 4, 2011.

### 3. **Findings**

To the extent Plaintiff is not receiving appropriate medical care for his condition at ASP, he may litigate such a claim, assuming he is able to state a cognizable claim for relief. However, Plaintiff's present complaint sets forth only claims arising from the same transactional nucleus of facts which supported his claims in case number 1:10-cv-00356-GSA PC and which were adjudicated on the merits in that case. Plaintiff is barred from litigating in this action any claims based on his allegedly medically inappropriate transfers from CAL to PVSP and then from PVSP to ASP as related to his susceptibility to, exposure to, and contraction of Valley Fever, and any claims based on the failure to transfer Plaintiff out of ASP, as there was a final judgment on the merits and the claims involved the same parties.[3]

Therefore, Plaintiff's claims against Defendants Cate, Mc Ewen, Crow, Cortez, Scott, Yates, Igbinosa, and Scott are dismissed, with prejudice, and Defendants Cate, Mc Ewen, Crow, Cortez, Scott, Yates, Igbinosa, and Scott are dismissed from this action. Plaintiff's claims against

///

---

[3] In case number 1:10-cv-00356-GSA PC, Plaintiff broadly identified "staff" as PVSP and ASP as being responsible for the violation of his rights.

4

Defendants Hartley, Chapnick, Mathos, Doe 1, and Atienza are dismissed, with prejudice, as they relate to the aforementioned events.

Because Plaintiff's complaint is somewhat inartfully pled, the Court will permit him one opportunity to amend to the extent he is able to state a claim under the Eighth Amendment relating to medical care for his condition which was not previously litigated. For that reason, the Court will defer dismissing Defendants Hartley, Chapnick, Mathos, Doe 1, and Atienza from the action pending review of Plaintiff's amended complaint. Plaintiff is admonished that he is not entitled to challenge his transfer to ASP or his retention there as related to his belief that he should be transferred out of an area endemic for Valley Fever; those claims are precluded because they adjudicated on their merits in case number 1:10-cv-00356-GSA PC.

### C. Legal Standard

At present, Plaintiff's complaint sets forth no facts which support a claim that prison officials at ASP are acting with deliberate indifference to his medical needs related to care for his condition. In amending his complaint, Plaintiff shall take note of the following applicable legal standards.

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

///

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, an inmate "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122

(citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

### III.   Conclusion and Order

In conclusion, Plaintiff's claims arising from the failure to properly evaluate his underlying medical conditions prior to transferring him to PVSP, from his transfer to and retention at prisons in areas endemic for Valley Fever, and from his exposure to and contraction of Valley Fever are barred by claim preclusion and shall be dismissed, with prejudice.  Defendants Cate, Mc Ewen, Crow, Cortez, Yates, Igbinosa, and Scott are dismissed from this action, with prejudice, because the claims against them arise from events which are not subject to re-litigation.  The Court will permit Plaintiff one opportunity to file an amended complaint, to the extent he may be able to state a claim against Defendants Hartley, Chapnick, Doe 1, and/or Mathos which does not involve his transfer to an area endemic for Valley Fever, his exposure to and contraction of Valley Fever, and his retention at a prison in an area endemic for Valley Fever.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claims against Defendants Cate, Mc Ewen, Crow, Cortez, Scott, Yates, Igbinosa, Scott, Hartley, Chapnick, Mathos, Doe 1, and Atienza arising from the

1  |  failure to properly evaluate his underlying medical conditions prior to transferring him to PVSP, from his transfer to and retention at prisons in areas endemic for Valley Fever, and from his exposure to and contraction of Valley Fever are barred by claim preclusion and are dismissed, with prejudice;

2. Defendants Cate, Mc Ewen, Crow, Cortez, Yates, Igbinosa, and Scott are dismissed from this action, with prejudice;

3. Plaintiff is granted one opportunity to amend to the extent he is able to state a claim for relief under section 1983 against Defendants Hartley, Chapnick, Mathos, Doe 1, and/or Atienza which does not involve his transfer to an area endemic for Valley Fever, his exposure to and contraction of Valley Fever, and his retention at a prison in an area endemic for Valley Fever;

4. The Clerk's Office shall send Plaintiff a civil rights complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint which complies with the terms of this order; and

6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:**   October 31, 2012                              /s/ Sheila K. Oberto
                                                                                   UNITED STATES MAGISTRATE JUDGE